IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON PLACE ASSOCIATES I, L.P., | |
| Plaintiff, | No. CIV S-10-3098 GEB DAD PS |
| vs. | |
| NINA BARTHOLOMEW, | |
| Defendant. | FINDINGS AND RECOMMENDATIONS |

Defendant Nina Bartholomew, proceeding pro se, removed this unlawful detainer action from state court and applied for leave to proceed in forma pauperis. The matter came before the court on May 6, 2011, for hearing of plaintiff's motion for remand. Shawn K. Bankson, Esq. appeared for plaintiff. Defendant did not file opposition to plaintiff's motion and did not appear at the hearing of the motion.

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident

1

1  Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769,
2  771 (9th Cir.1986)).  Moreover, "the existence of federal jurisdiction depends solely on the
3  plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl.
4  Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).
5  Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a
6  removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

7       In conclusory fashion, defendant alleges in her notice of removal that federal
8  question jurisdiction exists because "[t]he complaint involves rights and duties with respect to a
9  federally sponsored and subsidized housing project." (Notice of Removal (Doc. No. 1) at 2.)
10 However, the exhibits attached to the notice of removal establish that the state court action is
11 nothing more than a garden-variety unlawful detainer action, and the state court action is titled as
12 such.  Plaintiff's unlawful detainer action, filed against a tenant of real property located in
13 California and based wholly on California law, does not involve any "claim or right arising under
14 the Constitution, treaties or laws of the United States" that would have permitted plaintiff to file
15 this action originally in federal court.  28 U.S.C. § 1441(b).

16      Defendant has failed to meet her burden of establishing federal jurisdiction, and
17 the action should therefore be remanded.

18      Accordingly, IT IS HEREBY RECOMMENDED that:
19      1. Defendant's motion to proceed in forma pauperis (Doc. No. 2) be denied;
20      2. Plaintiff's motion for remand (Doc. No. 7) be granted; and
21      3. This action be remanded to the Superior Court of California, County of Yolo.
22      These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  A document presenting objections
26 should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply

to objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive any right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\anderson-bartholomew3098.remand.ud